# JACOB D. HERKIMER

v.

# FULLER NIGH.

RECEIPT AS EVIDENCE.—In a legal point of view a rec ipt is of no higher order or character of testimony than ordinary parol evidence, and is always subject to explanation.   There is no presumption of law that a receipt prop. erly and fully expresses the understanding of the parties, and it is error to so instruct the jury.  The question of how much weight should be attached to a receipt as evidence should be left entirely with the jury.

APPEAL from the Circuit Court of Jasper county; the Hon. T. S. CASEY, Judge, presiding.   Opinion filed April 14, 1882.

Messrs. CRAIG & CRAIG, for appellant; that the instruction was erroneous as assuming a fact, viz., that appellant was acting as receiver, and appellee as contractor, in making the settlement, cited Goodkind v. Rogan, 8 Bradwell, 416; Village of Warren v. Wright, 3 Bradwell, 613; C. & A. R. R. Co. v. Bloomfield, 7 Bradwell, 212; Chicago v. Bixby, 84 Ill. 82; Com. Nat. Bank v. Proctor, 98 Ill. 558.

Payment of money may be proved by parol, notwithstanding a receipt is taken: Hinchman v. Whetstone, 23 Ill. 185.

An instruction should not give undue prominence to certain portions of the testimony: Irish v. Smith, 8 S. & R. 573; The People v. Garbutt, 17 Mich. 26; Frame v. Badger, 79 Ill. 446.

The court should not, in an instruction, express an opinion as to the weight of certain testimony:   Richmond v. Roberts, 98 Ill. 472; Harrison v. Crocker, 39 Wis. 74; Bourk v. James, 4 Mich. 337.

The jury should be left free to determine from all the evidence whether there was a full settlement:   L. S. N. G. Co. v. Ill. Cent. R. R. Co. 75 Ill. 394; Ewing v. Runkle, 20 Ill. 448; Guar. Mut. Life Ins. Co. v. Hogan, 80 Ill. 35; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Chesney v. Meadows, 90 Ill. 430; Rowe v. Wright, 12 Mich. 291; Chicago v. Lavelle, 83 Ill. 482.

Mr. James W. Gibson, for appellee; that where there is evidence to support the verdict, it will not be set aside, cited T. W. & W. R'y Co. v. Moore, 77 Ill. 217; White v. Clayes, 32 Ill. 325; First Nat. Bank v. Mansfield, 48 Ill. 494; Graham & Waterman on New Trials, 1297.

The evidence was conflicting, and it was the province of the jury to weigh it, and their finding should not be disturbed: Martin v. Ehrenfels, 24 Ill. 187; Morgan v. Ryerson, 20 Ill. 343; Millikin v. Taylor, 53 Ill. 509; Fitch v. Zimmer, 62 Ill. 126; Robinson v. Parish, 62 Ill. 130; Chapman v. Stewart, 63 Ill. 322; C. & A. R. R. Co. v. Stover, 63 Ill. 358; Vogt v. Buschman, 63 Ill. 521; Tucker v. Watte, 64 Ill. 416; McNellis v. Pulsifer, 64 Ill. 494; Simons v. Waldron, 70 Ill. 281; Connelly v. The People, 81 Ill. 379; Lewis v. Lewis, 92 Ill. 237; Davis v. Mitchell, 93 Ill. 593.

Baker, J. In 1878, Jacob D. Herkimer was receiver of the Grayville and Mattoon Railroad Company, and entered into a contract with Fuller Nigh, whereby said Nigh was to construct the unfinished portion of the road between Prairie City and Mattoon, for the sum of $91,038, from which some deductions were to be made for work already done and material furnished. Nigh, at request of Herkimer, paid out $5,000, for right-of-way, $149.75 for grass seed, and several other small sums; and in June he got a check from Herkimer as receiver for $5,000, and not at the time having use for that amount, he loaned Herkimer, personally, $4,200. In September following, a settlement was had between the parties, Mr. Bayless Hanna acting on behalf of Herkimer, and Mr. James C. Robinson acting as counsel and adviser for Nigh.

At the time of the settlement a receipt was given by Nigh as follows: "Received, Robinson, Crawford County, Ills., the 9th day of September, A. D. 1878, from J. D. Herkimer; received, of the Grayville & Mattoon Railroad, the sum of nine thousand ($9,000) dollars, the said sum being in full of all claims or demands for work done, tools or materials furnished, of whatever description, by me, upon the line of said railroad, under and by virtue of two separate contracts, entered into by

me with said Jacob D. Herkimer, as receiver aforesaid, and bearing date respectively April 22d, and February 1st, of the year 1878.                                        F. NIGH."

The present suit was prosecuted by Nigh, appellee, against Herkimer, appellant, to recover the $4,200, borrowed money, and the items specified above of moneys paid out; and he obtained a verdict and judgment in the circuit court for $4,375.75. The point at issue between the parties is whether the $9,000 mentioned in the receipt was paid only in settlement of the contract price of $91,038, for finishing the construction of the road, or was paid in full settlement of all demands, and included the borrowed money and other items involved in this suit.   Besides the receipt, appellee introduced several witnesses whose testimony tended to establish his theory of the case; and, on the other hand, it was the admitted testimony of Mr. Hanna and Mr. Robinson, that the settlement included all claims and demands of appellee against appellant, of whatsoever nature and character, existing at that time, and Mr. John H. Halley testified he was present at the time of the settlement; that there was no accounting, and no items mentioned, and it was merely a lumping settlement of all matters between them; that he thinks no reservations were made, and his understanding was that there was a complete settlement of all matters of every kind between the parties.   The court, at the instance of appellee, gave the jury the following instruction: " 2nd.   The court instructs the jury that when parties meet together to settle differences that exist between them, and reduce the result of their settlement to writing, the presumption is that the said writing properly and fully expresses their intentions and understanding at the time of making such writing.   And if you find that there was a settlement between Fuller Nigh and J. D. Herkimer, the one as a receiver of the Grayville & Mattoon R. R. Co., and the other as contractor, and reduced said settlement to writing, the presumption is that it covers all that was embraced in the settlement, but such presumption may be rebutted by proof."   It should have been left to the jury to determine the weight to be given to the statements contained in the receipt, and they should not

Herkimer v. Nigh.

have been singled out from the bulk of the testimony, and thereby had undue prominence given them.

In a purely legal point of view, a receipt is of no higher order or character of testimony than ordinary parol evidence, and is always subject to explanation.   There is no presumption of law that the receipt properly and fully expressed the intention and understanding of the parties; the only presumptions that would or could arise from the contents of the writing were presumptions of fact, to be deduced by the jury reading it in the light of the surrounding circumstances, and all the evidence in the case.   This receipt was signed only by the party who was seeking advantage of statements contained in it, and the language used was his own.   While it was admissible in evidence, it was not for the court to say what weight it carried; it was a matter for the consideration of the jury, and they should have been left free to draw their own conclusions of fact therefrom.   The difficulty lies in undertaking to instruct the jury that one part of the evidence is superior to another, which should not be done unless the evidence is of that character which the law deems conclusive.

The omission in this instruction of a direction to the jury, that their finding should be based on the evidence, was more than usually objectionable under the circumstances of this case, as they are disclosed by the record.   Counsel for appellee had made in their arguments various statements of alleged facts, pertinent to the issue, which were not in proof, and it was therefore especially important, the minds of the jury should have been directed to the evidence, and that only as a foundation for their findings.   For the errors in this instruction, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

CASEY, J., took no part in the decision of this case.